**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY AND SURETY                No. C 05-752 CW
COMPANY, a Connecticut corporation,

      Plaintiff,                           ORDER GRANTING
                                             DEFENDANTS'
  v.                                         MOTION TO
                                             DISMISS
TUTOR-SALIBA PERINI/SLATTERY, J.V.,
a California joint venture; TUTOR-
SALIBA CORPORATION, a California
corporation; and SLATTERY SKANSKA,
INC., a New York corporation,

      Defendants.

_____/

    Defendants Tutor-Saliba/Slattery, J.V., (TSS), Tutor-Saliba

Corp. (TSC) and Slattery Skanska, Inc., (Slattery)

(collectively, Defendants) move to dismiss Plaintiff Travelers

Casualty and Surety Co.'s claims against them for improper

venue, lack of subject matter jurisdiction and failure to state

a claim upon which relief can be granted.  Plaintiff opposes the

motion.  The matter was heard on April 22, 2005.

    Having considered the papers filed by the parties and oral

argument on the motion, the Court grants Defendants' motion to

dismiss.

BACKGROUND

    This case involves a dispute between a general contractor

and sub-contractor arising from work done for the Bay Area Rapid

Transit (BART)'s San Francisco International Airport Extension

United States District Court

For the Northern District of California

1  Project.[1]  This project extended BART's rapid transit rail system

2  into San Mateo County, California.

3      Defendant TSS is a joint venture formed by Defendants TSC

4  and Slattery.  As general contractor, TSS was awarded three

5  contracts for the BART extension project (the General

6  Contracts).  TSS, in turn, awarded three subcontracts for a

7  portion of the work (the Subcontracts) to Amelco Electric S.F.,

8  Inc., (Amelco), a California corporation with its principal

9  place of business in San Leandro, California.  Pursuant to an

10 indemnity agreement, Amelco assigned Reliance Insurance Co. the

11 right to any cause of action arising out of the Subcontracts.

12 Plaintiff, a Connecticut corporation, is the assignee of those

13 indemnity rights, as successor in interest by way of a corporate

14 merger.

15     Plaintiff now brings claims against Defendants for <u>inter</u>

16 <u>alia</u> breach of contract.  Plaintiff alleges that Defendants

17 failed to pay Amelco for additional work done, as required under

18 the Subcontracts.  Multiple factors caused the need for

19 additional work.  According to an Amelco Senior Project Manager,

20 "Some of the impacts were clearly the result of BART-ordered

21 changes and additions to Amelco's scope of work.  Others

22 appeared to be the responsibility of T-S/S."  Kaplan Decl. ¶ 14.

23

24     Defendants' motion to dismiss is based on the forum

25 selection clause of the Subcontracts.  Each Subcontract contains

26 ───────────────

27     [1]Unless otherwise noted, the facts are undisputed and taken
    from Plaintiff's complaint.

28

**United States District Court**

For the Northern District of California

1  the following provision,

2      All claims of the Subcontractor [Amelco] arising out of
       acts or omissions of the Owner [BART] shall be presented to
3      the Owner by the Contractor [TSS] on behalf of the
       Subcontractor and finally resolved through the claims
4      procedure, (arbitration, litigation or otherwise)
       applicable between the Contractor and Owner.  If the
5      provisions of the General Contract require Contractor to
       file within specified time periods, notices, claims or
6      other documents with the Owner in order to receive
       compensation for claims, the Subcontractor shall supply
7      these to the General Contractor so as to allow Contractor
       to timely file them with the Owner.  Subcontractor shall
8      pay all costs and expenses, including attorneys' fees,
       related to the presentation and prosecution of such claims.
9      Subcontractor's sole remedy shall be to receive the amount
       received by the Contractor from the Owner with respect to
10     such claim.  All other claims and disputes between the
       parties shall be decided by the appropriate California
11     State Court in the County of Los Angeles.

12  Complaint Exs. A, B and C at 2.  The Subcontracts also

13  incorporate the General Contract between TSS and BART.[2]  The

14  General Contract between TSS and BART also contains a forum

15  selection clause, which mandates,

16     The Contract, and the relationship of [the BART] District
       and the Contractor arising out of or relating to the
17     Contract, shall be governed by and construed in accordance
       with the laws of the State, without regard to conflict of
18     law rules.  Suit to resolve any dispute arising out of or
       relating to the Contract or to the relationship between
19     [the BART] District and the Contractor, shall be filed in
       the United States District Court for the Northern District
20     of California, unless jurisdiction is lacking, in which
       case suit shall be filed in the Superior Court of the State
21     of California in and for the County of Alameda.

22  Kaplan Decl., Ex. A., General Contract ¶ 7.18.

23     Defendants interpret the Subcontracts to bar Plaintiff's

24  ─────────────────

25     [2]Plaintiff refers in its opposition to this sentence, "The
    General Contract is incorporated into the Subcontract," but
    fails cite a specific page or paragraph number.  The Court
26  assumes that the Subcontracts do indeed incorporate the General
    Contract, but was unable to find this sentence in the portions
27  of the Subcontracts attached to the Complaint.

28
                                    3

**United States District Court**
For the Northern District of California

1   complaint because its claims necessarily fall into one of two

2   categories: 1) those arising out of acts or omissions by BART,

3   i.e. "pass-through" claims, in which case the Subcontracts'

4   provisions mandate that the claims may only be "finally resolved

5   through the claims procedure" between TSS and BART; or 2) all

6   other claims against TSS, in which case the Subcontracts' forum

7   selection clause mandates filing in California State court in

8   the County of Los Angeles.  Plaintiff contends that the

9   applicability of these provisions of the Subcontract involves

10  disputes of fact which cannot properly be resolved on a motion

11  to dismiss.  At oral argument, Plaintiff clarified its position

12  that the Subcontracts allow Plaintiff to take direct advantage

13  of the claims procedure set forth in the General Contracts.

14       In or around October, 2003, Amelco submitted pass-through

15  claims for payment to TSS, and TSS approved them and submitted

16  them to BART.  Kaplan Decl. ¶ 22.  Since an April, 2004 group

17  meeting for presentation of claims, Amelco has not participated,

18  or been invited to participate, in negotiations between TSS and

19  BART.  Id. ¶ 24.  Amelco still has not been paid for its

20  additional work.

21                          LEGAL STANDARD

22       A motion to dismiss brought on the basis of a forum

23  selection clause is treated as a motion to dismiss for improper

24  venue under Federal Rule of Civil Procedure 12(b)(3).  Argueta

25  v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  The

26  enforceability of a forum selection clause is determined by

27  federal law.  Id.  In consideration of a motion to dismiss based

28
                                    4

**United States District Court**
For the Northern District of California

1  on a forum selection clause, the pleadings need not be accepted

2  as true, and a court may consider facts outside of the

3  pleadings.  Id.  However, "in the context of a Rule 12(b)(3)

4  motion based upon a forum selection clause, the trial court must

5  draw all reasonable inferences in favor of the non-moving party

6  and resolve all factual conflicts in favor of the non-moving

7  party . . . ."  Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133,

8  1138 (9th Cir. 2004).  When a Rule 12(b)(3) motion is made prior

9  to development of the factual record,

10      if the facts asserted by the non-moving party are
        sufficient to preclude enforcement of the forum selection
11      clause, the non-moving party is entitled to remain in the
        forum it chose for suit unless and until the district court
12      has resolved any material factual issues that are in
        genuine dispute.
13
    Id. at 1139.
14
        To the extent that Defendants' motion to dismiss is based
15
    on grounds other than the forum selection clause, the Court
16
    treats it as a motion to dismiss for failure to state a claim
17
    under Federal Rule of Civil Procedure 12(b)(6).  A motion to
18
    dismiss for failure to state a claim will be denied unless it is
19
    "clear that no relief could be granted under any set of facts
20
    that could be proved consistent with the allegations."
21
    Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002),
22
    citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  A
23
    complaint must contain a "short and plain statement of the claim
24
    showing that the pleader is entitled to relief."  Fed. R. Civ.
25
    P. 8(a).  "Each averment of a pleading shall be simple, concise,
26
    and direct.  No technical forms of pleading or motions are
27

28                                    5

United States District Court

For the Northern District of California

1   required." Fed. R. Civ. P. 8(e).  These rules "do not require a

2   claimant to set out in detail the facts upon which he bases his

3   claim.  To the contrary, all the Rules require is 'a short and

4   plain statement of the claim' that will give the defendant fair

5   notice of what the plaintiff's claim is and the grounds on which

6   it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

7        When granting a motion to dismiss, a court is generally

8   required to grant a plaintiff leave to amend, even if no request

9   to amend the pleading was made, unless amendment would be

10  futile.  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.

11  Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining

12  whether amendment would be futile, a court examines whether the

13  complaint could be amended to cure the defect requiring

14  dismissal "without contradicting any of the allegations of [the]

15  original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d

16  291, 296 (9th Cir. 1990).  Leave to amend should be liberally

17  granted, but an amended complaint cannot allege facts

18  inconsistent with the challenged pleading.  Id. at 296-97.

19                            DISCUSSION

20       As Defendants argue, the Subcontracts divide potential

21  claims into two categories:  pass-through claims that arise out

22  of BART's acts or omissions, and other claims that do not.  The

23  Subcontracts clearly mandate that the latter are to be brought

24  in State court in Los Angeles.  Plaintiff does not argue that

25  this forum selection provision of the Subcontracts is invalid or

26  that its enforcement would be unreasonable.  Therefore, to the

27  extent that Plaintiff's claims do not arise out of BART's acts

28                                  6

United States District Court
For the Northern District of California

1  or omissions, the Court dismisses them pursuant to the forum

2  selection clause of the Subcontracts.  The Court need not reach

3  the question of the clause's enforceability should Plaintiff

4  choose to file suit in State court in Alameda County instead of

5  in Los Angeles.

6      To the extent that Plaintiff's claims arise out of BART's

7  acts or omissions, the Subcontracts provide that all such pass-

8  through claims "shall be presented to the Owner by the

9  Contractor [TSS] on behalf of the Subcontractor and finally

10 resolved through the claims procedure, (arbitration, litigation

11 or otherwise) applicable between the Contractor and Owner."  The

12 General Contract between TSS and BART specifies that such claims

13 shall be brought in the Northern District, or in Alameda County

14 Superior Court if federal jurisdiction is lacking.  However, it

15 is clear that only TSS may bring such claims in these fora.

16     Plaintiff has provided no support for its contention that

17 Plaintiff may itself bring pass-through claims against

18 Defendants or BART, a contention which is contrary to the plain

19 language of the Subcontracts, which specify that pass-through

20 claims shall be "finally resolved through the claims procedure .

21 . . applicable between the Contractor and Owner."  To the extent

22 that Plaintiff claims that Defendants have failed to pursue

23 Plaintiff's pass-through claims diligently with BART, such a

24 claim does not arise out of an "act or omission" of BART and

25 therefore must be brought in State court, as described above.

26 Plaintiff has provided no authority suggesting that this Court

27 may determine which claims are subject to the Subcontracts'

28                                    7

United States District Court

For the Northern District of California

1   forum selection provisions without having jurisdiction over the

2   claims themselves.  As Plaintiff acknowledged at the hearing,

3   given the Court's construction of the Subcontracts, amendment

4   would be futile.

5                           CONCLUSION

6       For the foregoing reasons, the Court GRANTS Defendants'

7   motion to dismiss, without prejudice to Plaintiff refiling its

8   complaint in State court (Docket No. 6).  Judgment shall enter

9   accordingly.  Defendants shall recover their costs from

10  Plaintiff.

11          IT IS SO ORDERED.

12  Dated: 4/29/05                  /s/ CLAUDIA WILKEN
                                    CLAUDIA WILKEN
13                                  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      8